# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br>ANTONIO CHAVEZ-GARCIA,<br><br>                      Defendant. | CASE NO. 12CR11WQH<br>CASE NO. 13CV187WQH<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the Motion pursuant to § 2255.  (ECF No. 47). Defendant moves the court to vacate his conviction and remand to the district court for trial on the following grounds: 1) the district court misapplied the guidelines when it imposed a sixteen level enhancement; 2) the sentence imposed of 33 months is unreasonable punishment for illegal reentry; and 3) the petitioner should receive a two level reduction for fast track. The Court finds that the issues raised in the petition are appropriate for summary disposition.

### APPLICABLE LAW

      28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the sentence." A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

### RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion. In the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, ... unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing...." (ECF No. 34 at 10). This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).

In this case, the Government recommended an adjusted offense level of 19 pursuant to the plea agreement and a resulting guideline range of 37-46 months. At the time of sentencing, the Government recommended a sentence of 37 months. (ECF No. 39). The Court imposed a sentence of 27 months. (ECF No. 46 at 2). Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed.

Finally, the Defendant presents no grounds for relief under Section 2255. Defendant has presented no colorable argument in support of his contention that his sixteen-level enhancement was not appropriate under the advisory guidelines. Defendant received a two-level downward departure for fast track and a sentence which was ten months below the low end of the guidelines. It plainly appears from the motion and the record of prior proceedings that the Petitioner is not entitled to relief.

IT IS HEREBY ORDERED that the motion for time reduction by an inmate in federal

1  custody under 28 U.S.C. § 2255 (ECF No. 47) filed by the Defendant is denied.

2  DATED: January 29, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge